**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ROBERT McWILLIAMS**,

Plaintiff,

v. No. CIV 05-762 BB/WPL

**RICKY VIRDEN,** individually and in his official capacity as Sheriff of Lincoln County, New Mexico, and **THE COUNTY OF LINCOLN, NEW MEXICO**,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of a motion for summary judgment (Doc. 22) filed by Plaintiff, as well as a motion to dismiss and for qualified immunity (Doc. 20) filed by Defendants. The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, Plaintiff's motion for summary judgment will be denied, and Defendants' motion to dismiss will be converted to a motion for summary judgment and denied.

Plaintiff was employed with the Lincoln County Sheriff's Department as a deputy. On April 19, 2005 Plaintiff attended a meeting of the Lincoln County Commission. During that meeting Plaintiff made a statement to the Commission concerning the county's rural addressing system, supporting the continuation of such a system. Plaintiff prefaced his statement by identifying himself as a deputy sheriff, although he was wearing civilian clothing during the meeting. Defendant Virden was in attendance at the meeting and believed Plaintiff had violated a Sheriff's Department policy when he identified himself as a deputy and then spoke to the Commission, without obtaining prior authorization from a superior. Virden asked the chief deputy, Patrick O'Brien, to write a

memorandum to Plaintiff informing Plaintiff of the policy forbidding Sheriff's Department employees from addressing public gatherings while "holding themselves out as representing the Department in such matters..." [Def. Exh. B] This memorandum, written the same day as the County Commission meeting and hand-delivered to Plaintiff the next day, informed Plaintiff that he must respond by 5:00 p.m. on Tuesday, April 26th. The memo did not threaten any disciplinary action.

Plaintiff consulted an attorney, who drafted a response to the memo. [Pltf. Exh. E] Subsequently, on Monday April 25th, Plaintiff called the Sheriff's Department and spoke to a dispatcher. According to Plaintiff as well as the transcript of that phone call, Plaintiff asked to speak to O'Brien. [*Id.;* Def. Exh. E] When he was informed that O'Brien was not in the office, Plaintiff asked the dispatcher to "give them a message that the letter they requested is ready and if they want to come pick it up at my house, it's my days off so I am not coming to Carrizozo..." [Def. Exh. E] After Sheriff Virden and O'Brien received the message from the dispatcher, O'Brien spoke to Plaintiff by telephone and informed Plaintiff that it was his responsibility to get the response to the Virden or O'Brien. [Def. Exh. H, O'Brien depo. p. 30-31] The next day, April 26th, the response was delivered to O'Brien's office. [*Id.* p. 31]

Both Virden and O'Brien testified in their depositions that they believed Plaintiff's statement that he would not be bringing the response to Carrizozo on his day off was disrespectful and insubordinate. They both testified they believed he was telling them that if they wanted the letter they could come and get it. [Def. Exh. A, Virden depo. p. 33; Exh. H, O'Brien depo. pp. 29, 33] After consulting with the County Manager, Thomas Stewart, Sheriff Virden wrote a letter on April 27, 2005, terminating Plaintiff's probationary employment as of April 29th. Plaintiff subsequently filed

this lawsuit claiming he was fired in retaliation for exercising his First Amendment rights.[1] Defendants filed a motion to dismiss, and Plaintiff filed a motion for summary judgment.

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). Furthermore, where as in this case a motion to dismiss requires the Court to consider matters outside the pleadings, the motion to dismiss should be addressed in the same manner as a motion for summary judgment. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991) ("Generally, a district court must convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are relied upon.") The Court will consider the parties' motions in light of these standards.

**Plaintiff's Motion:** There are three facts a government-employee plaintiff must prove to prevail on a First Amendment retaliation claim: (1) the plaintiff's speech involved a matter of public concern; (2) the plaintiff's interest in engaging in the speech outweighed the employer's interest in

[1]Plaintiff's complaint also included other claims that have been abandoned and will not be addressed in this opinion.

regulating it; and (3) the speech was a "substantial motivating factor" behind the employer's decision to take adverse action against the plaintiff. *Maestas v. Segura*, 416 F.3d 1182, 1187 (10th Cir. 2005). For purposes of this motion, Defendants have conceded that Plaintiff has proved the first two facts. Therefore, the sole issue in this case is whether Plaintiff's short speech at the County Commission meeting was a substantial motivating factor behind his discharge.

In support of his motion for summary judgment, Plaintiff argues there are no facts in dispute as to the "substantial motivating factor" question because both Sheriff Virden and Chief Deputy O'Brien admitted at their depositions that if Plaintiff's speech at the meeting had not happened, he would not have been fired. [Pltf. Exh. A, Virden depo. pp. 27-28; Exh. B, O'Brien depo. p. 35] However, Plaintiff's argument fails because it equates the concept of but-for causation with the substantial-motivating-factor element. It is true that if Plaintiff had not spoken at the meeting he would not have been informed of the policy against representing the Sheriff's Department in public, and would not have been asked to explain why his action at the meeting did not violate that policy. There would then have been no reason for Plaintiff to have called the dispatcher and told her something that Virden and O'Brien claim to be insubordinate and disrespectful, which led to his discharge. It is not enough, however, for Plaintiff to show that his speech set in motion a chain of events that resulted in his discharge. He is instead required to show that his speech was one of the reasons for that discharge -- that is, that Defendants' displeasure with the content of Plaintiff's speech, or with the fact that he spoke at all, motivated (at least in part) the decision to fire Plaintiff. Virden and O'Brien both testified this was not true; both agreed with the content of Plaintiff's statement to the County Commission, both stated that his actions at the meeting played no role in the decision to terminate his employment, and both testified that his alleged insubordination was the only reason he was fired. [Def. Exh. A, pp. 25-26, 29-30, 46; Def. Exh. H, p. 34-36] This testimony

raises an issue of fact as to the true reason for Plaintiff's termination, and Plaintiff is therefore not entitled to summary judgment simply because it is undisputed that his statement at the County Commission meeting was a but-for cause of his termination.

Plaintiff also contends, in an argument made for the first time in his reply brief, that the First Amendment violation occurred as soon as Sheriff Virden had the letter written requiring Plaintiff to respond to Virden's concerns about Plaintiff's statement at the County Commission meeting. This argument fails for several reasons. First, fairness requires that the Court not consider an argument made for the first time in a reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir.2000). Second, Plaintiff's claim has always been that his termination violated the First Amendment, not that the mere writing of the letter requiring a response constituted such a violation. This was Plaintiff's claim in his complaint and remained his claim in the final pre-trial report. [Docs. 1, 29] Again, fairness requires that Plaintiff not be allowed to amend his complaint *sub silentio* to raise a new First Amendment claim. *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (claims not included in pretrial report are waived even if they were included in complaint).

Finally, it would be futile to allow Plaintiff to amend his complaint at this late date to raise such a claim. Plaintiff concedes that the policy forbidding employees from speaking on behalf of the Sheriff's Department is constitutional on its face. The letter sent to Plaintiff merely informed him of that policy and asked for his response. It did not threaten any type of disciplinary action or harm of any kind. The Court finds as a matter of law that simply requesting this type of response from an employee, where the employee's conduct could be construed as having violated a valid departmental policy, is not an adverse employment action sufficient to support a First Amendment retaliation claim. *See Maestas v. Segura*, *supra*, 416 F.3d at 1188, n. 5 (generally discussing what constitutes adverse employment action in First Amendment context).

**Defendants' Motion:** As noted above, Defendants maintain that Plaintiff's speech at the County Commission meeting did not play any role in his termination, and that he was instead fired because his refusal to bring his response to the office was insubordinate and disrespectful to his superiors. The question at this summary-judgment stage is whether there is any evidence contradicting Defendants' assertion, such as would allow a reasonable fact-finder to determine that Plaintiff's protected speech was in fact a substantial motivating factor for Defendants' action. In deciding that question the Court must view the evidence in the light most favorable to Plaintiff.

Plaintiff first claims that Sheriff Virden lied to Thomas Stewart, the county manager, and told Stewart that Plaintiff's response to the April 19 letter was late. Plaintiff maintains that this lie is evidence of Virden's intention to fire Plaintiff even before he investigated the circumstances of the telephone conversation with the dispatcher. However, there is no evidence in the record of such a lie. Stewart testified that it was his understanding that Plaintiff responded after the deadline. [Pltf. Exh. C, pp. 31-32] He did not explain how he arrived at that understanding, and did not state that either Virden or O'Brien told him the response was late. Without such evidence, Plaintiff's assertion that Virden lied to Stewart finds no support in the record and must be disregarded.

Plaintiff also attempts to raise an issue of fact by stating, in his affidavit, that during the conversation with the dispatcher he "requested that he [O'Brien] have an on duty Deputy come by my house and get it." If this statement were true, it would cast doubt on Virden's and O'Brien's claim of insubordination, because both testified that it was a common practice to have on-duty deputies pick up paperwork from other deputies and bring that paperwork to the office, and that they would not have had a problem if Plaintiff had asked for similar treatment for his response. [Def. Exh. A, pp. 33-35; Def. Exh. H, p. 33] This affidavit statement, however, contradicts the transcript of the telephone conversation. In that transcript Plaintiff says nothing about having a deputy pick up the

response. Instead, he says the letter "they" requested is ready and if "they" want to pick it up at his house, "it's my days off so I am not coming to Carrizozo." The "they" clearly refers to Virden and O'Brien, not a deputy, because they were the individuals who requested a response from Plaintiff. Since Plaintiff's affidavit statement contradicts the actual transcript of the conversation, rather than being an attempt to clarify an ambiguity in the transcript, it will be disregarded. *Cf. Kendrick v. Penske Transp. Servs.*, 220 F.3d 1220, 1224 n.2 (10th Cir. 2000) (where statement in affidavit contradicts earlier deposition testimony, it should be disregarded as attempt to create sham issue of fact unless there is some valid reason to consider it).

The Court now turns to the actual facts contained in the record. One fact that might, under certain circumstances, give rise to an inference of retaliation is the close proximity in time between Plaintiff's protected speech to the Commission and his termination. Plaintiff's employment was terminated as of April 29, only ten days after speaking before the Commission, and the letter of termination was written even earlier, on the 27th. The Court disagrees with Defendants' argument that proximity in time alone can never be sufficient to overcome a motion for summary judgment. In some cases, the type of close proximity present in this case "may warrant an inference of retaliatory motive" and may be sufficient, standing alone, to withstand summary judgment. *Maestas v. Segura*, *supra*, 416 F.3d at 1189. This is not always true, however, where there is evidence of an intervening event between the speech and the adverse action. *Id.* In this case, there was an intervening event in the form of the telephone conversation in which Plaintiff stated he would not bring his response to Carrizozo on his days off, which both Virden and O'Brien interpreted as being insubordinate and disrespectful. The question that must be addressed, therefore, is whether there is any evidence that this intervening event was not the only reason Plaintiff was fired, or was just used by Defendants as

an excuse to fire Plaintiff, and that in fact his protected speech to the County Commission was a substantial motivating factor for the firing.

Both Sheriff Virden and Mr. Stewart, the county manager, listened to the tape of the telephone conversation between Plaintiff and the dispatcher before Plaintiff was terminated. Virden testified at his deposition that Plaintiff was "congenial" to the dispatcher. [Def. Exh. A, p. 36] Similarly, Stewart testified that Plaintiff did not sound disrespectful or derogatory on the tape. [Def. Exh. G, p. 22] Stewart went even further and stated that if Plaintiff's response had been timely (as noted above, Stewart mistakenly thought the response was not timely), in his opinion there was no insubordination. [Pltf. Exh. C, p. 32] Furthermore, as noted above, both Virden and Chief Deputy O'Brien acknowledged that it was a common practice for deputies who were on duty to transport documents to Carrizozo on behalf of off-duty deputies, and that they would not have had a problem if that is what had occurred in this case. However, instead of attempting to clarify whether Plaintiff might have been suggesting that very thing in his phone conversation, both Virden and O'Brien claim to have immediately construed his "congenial" statement to the dispatcher, which was not made in a disrespectful or derogatory manner, as insubordination. Plaintiff was then summarily fired rather than being disciplined in a less drastic way, even though both Virden and O'Brien characterized his performance up to that point as "at least average" and as that of a "good" officer. [Def. Exh. A, p. 48; Pltf. Exh. B, p. 11]

Given the above circumstances, and especially given the extremely short time period between Plaintiff's statements to the County Commission and his firing, the Court finds there is a genuine issue of material fact as to whether Plaintiff's telephone conversation with the dispatcher was the sole reason for his firing, or whether the firing was motivated in part by Plaintiff's statements at the County Commission hearing. It should be noted the Court is not questioning Defendants' right to

fire Plaintiff if they did in fact believe Plaintiff was being insubordinate and fired him only for that reason. Plaintiff was a probationary employee and could be fired at will, and the Court does not sit as a super-personnel department, second-guessing Defendants' business decisions and considering whether Defendants over-reacted or rightly characterized Plaintiff's actions. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1111 (10th Cir. 2006). The Court holds only that a reasonable fact-finder could determine that part of the reason for Defendants' strong reaction to Plaintiff's actions, and thus a substantial motive for his termination, was the fact that he spoke up at the County Commission meeting. Summary judgment must therefore be denied on the only issue raised in Defendants' motion, the causation issue.

**Conclusion:** Based on the foregoing, the motions filed by both parties will be denied.

## ORDER

A Memorandum Opinion having been filed this date, it is hereby ORDERED that Plaintiff's motion for summary judgment (Doc. 22) and Defendants' motion to dismiss (Doc. 20) be, and hereby are, DENIED.

Dated this 24th day of July, 2006.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:
**For Plaintiff**:
Warren F. Frost

**For Defendants**:
H. Nicole Werkmeister